McCANDLESS. The GENERAL WILLIAM. See Cases Nos. 5,321 and 5,322.

---

## Case No. 8,679.

### Ex parte McCANN.

[5 Am. Law Reg. (N. S.) 158, note.]

District Court, E. D. Tennessee. 1865.

HABEAS CORPUS — UNDER STATE INDICTMENT — COLOR OF AUTHORITY OF UNITED STATES — FOREIGNERS.

[1. A federal judge has no power to issue a writ of habeas corpus for a prisoner in jail under an indictment found in a state court, and who is not held "under or by color of the authority of the United States," nor "committed for trial before any court of the same."]

[2. The act of congress of August 23, 1842 (5 Stat. 539), empowering federal judges to issue writs of habeas corpus in certain cases, applies only to "subjects or citizens of a foreign state."]

This was an application for a habeas corpus The petitioner was an officer in the army of the late so-called Confederate States, and, as such, surrendered and was paroled under the agreement made between the authorities of the United States and the commanders of the armies of the so-called Confederacy, after which he took the oath prescribed in the amnesty proclamation of the president of May 29th, 1865, but was subsequently arrested and confined in jail in Knox county, Tennessee, to answer an indictment in the circuit court of said county, for the murder of one A. C. Haun, who during the war was tried by a court martial of which the petitioner was a member, and executed for being a secret active enemy of the so-called Confederate States, and as such having engaged in acts not of regular warfare. The petition proceeded that the war between the United States and the so-called Confederate States was a civil war, and the parties engaged therein belligerents, and therefore the petitioner was a quasi judicial officer in the act for which he was indicted, and not responsible therefor.

THE COURT (TRIGG, District Judge), after expressing an opinion that the late rebellion had assumed the status of a civil war, quoting the opinion of the supreme court of the United States in the Prize Cases, 2 Black [67 U. S.] 635, and that upon the facts stated in the petition, which, for the purposes of the present inquiry, must be taken to be true, the court martial of which

the petitioner was a member was a regularly constituted judicial tribunal, recognized by the law of nations, and therefore by the laws of the United States, proceeded as follows: "The 14th section of the judiciary act of 1789 [1 Stat. 81] provides 'that the courts of the United States shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law. And that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of commitment: Provided, that writs of habeas corpus shall in no case extend to prisoners in jail, unless where they are in custody under or by color of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.' This law is so plain that it cannot be misapprehended, and it admits of no comment. The petitioner, according to his own showing, is a prisoner in jail, upon the charge of murder preferred against him by indictment in the state court, and he is not 'in custody under or by color of the authority of the United States, or committed for trial before any court of the same.' I have, therefore, no power or jurisdiction, under the law, to grant the prayer of the petitioner in this case, and consequently the writ must be denied. See the cases Ex parte Door, 7 How. [48 U. S.] 104; Ex parte Cabrera [Case No. 2,278]. The provisions of the act of congress passed in 1842 [5 Stat. 539], and which were so earnestly pressed by the counsel, I am satisfied, have no application to this case, but are applicable alone to subjects or citizens of a foreign state." The petition was therefore dismissed.

[This case is published as a note to Hughes v. Litsey (state court, Ky.) 5 Am. Law Reg. (N. S.) 148.]